IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DRAKE A. EDWARDS, | : | |
| Plaintiff, | : | Case No. 3:15cv00135 |
| vs. | : | District Judge Thomas M. Rose<br>Chief Magistrate Judge Sharon L. Ovington |
| DAYTON POLICE DEPARTMENT, et al., | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

### I. INTRODUCTION

Plaintiff, Drake A. Edwards brings this case *pro se*, against the Dayton Police Department, Correctional Officer Rieff, Correctional Officer Mayes and Channel 7 WHIO.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915.  This case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, it must be

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

dismissed under 28 U.S.C. §1915(e)(2)(B).

II.     PLAINTIFF'S COMPLAINT

Plaintiff's Complaint alleges, verbatim, as follows:

Sir, I went to the 19th hole to have a nice time. There I seen Shawn McDonald. He was very very tipsty. He bought me two 12 oz of "Colt 45" in which made me happy I were going thru a break up with an ex he stop me from crying because, he has known me for 20 years we worked together at Behr, he was a mark for robbery because he kept telling people and me he had 5000.00 or more, the truth is he was drunk black out and I kept him alive and safe over and out.

(Doc. # 1, PAGEID # 6).

III.    STANDARDS OF REVIEW

By enacting the original *in forma pauperis* statute, the United States Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if it is frivolous or malicious.  *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B).

Viewing an *in forma pauperis* Complaint through the lens of §1915(e)(2)(B), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal.  *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A

Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible."  *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of a Complaint that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief in this Court.  28 U.S.C. §1915(e)(2)(B).

To determine whether a Complaint fails to state a claim upon which relief may be granted, the factual allegations in the Complaint must be taken as true and construed in a light most favorable to the plaintiff.  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The Court liberally construes a *pro se* Complaint in the plaintiff's favor.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992).  "A pro se Complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)(quoting in part *Estelle*, 429 U.S. at 106).

The Court "need not accept as true legal conclusions or unwarranted factual inferences."  *Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).  Indeed, a Motion to Dismiss is often a proper procedural device for resolving pure questions of law.  *E.g., Mixon*, 193 F.3d at 400 and n.9.

## IV.  DISCUSSION

Accepting Plaintiff's allegations as true and construing his Complaint liberally in his favor reveals that his claims are subject to dismissal under 28 U.S.C. §1915(e)(2)(B). The Complaint does not raise a claim with any rational or arguable basis in fact or law. Plaintiff's Complaint fails to make any allegations against any of the named Defendants and therefore should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

The Clerk shall not issue process in this case until further order of the Court.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Drake A. Edwards's Complaint be DISMISSED without prejudice;

2. The Court certify pursuant to 28 U.S.C. §1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. If so certified, Plaintiff, a non-prisoner, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); and

3. The case be terminated on the docket of this Court.

April 17, 2015

                                                       s/ Sharon L. Ovington
                                                         Sharon L. Ovington
                                        Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).